VAN BRUNT, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements of this appeal.

---

IN THE MATTER OF THE PETITION OF THE METROPOLITAN ELEVATED RAILWAY COMPANY, RELATIVE TO ACQUIRING TITLE TO CERTAIN REAL ESTATE IN THE CITY AND COUNTY OF NEW YORK.

### IN RE BACHE AND OTHERS.

*Proceedings to condemn land under chapter 140 of 1850 — an appeal therein must be taken to the General Term, and not to the Special Term.*

In proceedings, instituted under the general railroad act (chap. 140 of the Laws of 1850), for the condemnation of land, either party, after the report of the commissioners is confirmed, desiring to appeal, must appeal to the General Term of the Supreme Court.

Although section 18 of chapter 140 of the Laws of 1850 provides that such appeal shall be heard by the Supreme Court at any General or Special Term, such appeal

must be governed by the form of procedure adopted by the court, and must conform therewith, although such procedure is not declared by any formal rule. (DANIELS, J., dissenting.)

The system of review adopted throughout the State in such cases requires that the appeal should be taken to the General Term.

APPEAL by Simon Bache, Solomon B. Ulman, Siegmund J. Bache, George W. Dean and Edmund R. Williams, to the General Term of the Supreme Court of the first department, from an order, made at Special Term and entered in the office of the clerk of the city and county of New York on the 25th day of February, 1890, denying a motion that the appeals in the above-entitled matter be heard at a Special Term, on the ground that such appeals should be heard at a General Term of the court, in accordance with the general rules of practice, or in such a manner as the said General Term may direct.

An appeal was taken at first to the Special Term from the appraisal and report of the commissioners, which was filed in the office of the clerk of the county of New York on the 13th day of August, 1889, and confirmed by an order entered in said office on the 28th day of September, 1881.

*S. W. Dexter*, for the land owners, appellants.

*Davies & Rapallo*, for the petitioner, respondent.

BRADY, J. :

The general railroad act of 1850, chapter 140, by section 18, provides that in proceedings of this character either party may, after the report of the commissioners is affirmed, appeal, and that such appeal shall be heard by the Supreme Court at any General or Special Term, a notice thereof being given according to the rules and practice of that court. The notice of appeal to be given is one of that proceeding and in accordance with the rules and practice of the court relating thereto. The appellant is not given the unconditional right to appeal to the General or Special Term of the court, but such of these tribunals as the court may designate for the hearing by its practice. It is enough to determine its mode of procedure therefor that a practice regulating it exists, although no formal rule declares it. The system of review adopted throughout the State requires an appeal to be taken to the General Term from

the Special Term. The object in view is to secure the consideration of the subject involved by several minds, and this is so guarded that the judge from whose decision the appeal is taken cannot sit in review. The practice of asking one judge to review another is hostile to this system, which would be the effect of allowing such an appeal as pressed herein. The legislature, although using the word "Special" in section 18 (*supra*), left the subject to the court, and the court has properly determined that the General Term must be sought when an appeal is demanded. The *pro forma* confirmation does not relieve the appeal from the hostility suggested, inasmuch as the Court of Appeals vacated a judgment of the General Term of this department for the reason that one of its judges was sitting at chambers when the report of the referee in the action was confirmed *pro forma*. He knew nothing of the contents of the record and did not act upon them. It is not necessary, however, to extend these observations. The practice is settled and must be conformed to, and it is that, in proceedings kindred to this, the appeal must be to the General Term and subject to the rules in regard to appeals which involve the printing. The methods regulating it are prescribed by Rules 32, 35, 40, 41 and 42, and must prevail. It is no greater hardship upon a landholder to subject him to these rules than any other suitor who invokes the appellate power of the court, although it may be said that these proceedings are often of such a character that printing is a much greater necessity as an ally in the examination of questions involved.

It may be said, in conclusion, that although this court has been required on numerous occasions to consider appeals in these proceedings from the Special Term, this is the first one in which the attitude has been taken which the appellants attempt to maintain.

For these reasons the order appealed from should be affirmed, with ten dollars costs and disbursements of this appeal.

VAN BRUNT, P. J.:

I concur in the conclusions arrived at by Mr. Justice BRADY. An examination of the Code shows it is the policy of the law that wherever practicable appeals and all proceedings in the nature of appeals should be heard at the General Term, and the practice in this district has been in harmony with this rule. It is undoubtedly

true that the court at Special Term would have the power to hear this appeal, but the proper regulation of business in this district requires that the Special Term, overcrowded as it is, should not be burdened by these appeals when there is another branch of the court more accessible.

DANIELS, J. (dissenting):

The law of 1850, which has not since then been materially changed in its application to this case, has defined the proceedings which may be taken by a railway company to acquire the title to land for the purposes of its railway. It is summary, simple and inexpensive throughout. After providing for the appointment of commissioners to appraise and award the compensation to be made, it has provided for the confirmation of their report by the court. And when the requisite notice of the application for confirmation has been served according to the practice of the court, then the court has no other alternative than to confirm the report. The merits of the decision made by the commissioners are not in any form to be considered on the application to confirm their award. But, under the law, it must be at once confirmed. And when the order of confirmation has been recorded, and the compensation has been paid or deposited, then the company is entitled to enter upon the land, and to take possession of it and to use it for the purposes of its corporation during the continuance of its corporate existence. (Laws 1850, chap. 140, §§ 17, 18.) Whatever changes may afterwards take place in the adjustment of the compensation of the owner, the company will not be disturbed by them in its use and enjoyment of the land. The remedy of the owner, as well as that of the company for that object, is by a separate and distinct proceeding, which has been provided for by the succeeding parts of section 18 already referred to. They are in no form an appeal from one judge to another. For no question to be brought up by them can be included in the hearing of the motion on the part of the company to confirm the report. But they consist in an appeal from the decision of the commissioners, and on that appeal their report or the compensation may be set aside and a further hearing directed, either before the same or other commissioners. But that hearing will in no sense annul or disturb the

previous confirmation of the report or the possession of the railway company, or the right secured to it to use the land for the purposes of its corporation. The two proceedings are entirely distinct. That to confirm the report being in the interest of the company, and that by way of an appeal being for the benefit of the party appealing, and it may be taken by the company, notwithstanding the confirmation of the report, or at the instance of the owner of the land, for either an increase or diminution of the compensation to be made. And it is that appeal which the owners have taken in this case. When that has been taken by either party, the law is mandatory that it "shall be heard by the Supreme Court at any General or Special Term thereof." And the only condition on which the right to the hearing depends is that it shall be " on such notice thereof being given according to the rules and practice of said court." (Laws 1850, chap. 140, § 18.) The court is vested with no discretion as to the tribunal to hear the appeal. That has been confided to the party. The proceeding is quite informal, and at the Special Term it has the merit of being much less expensive then when brought before the General Term. And after its disposition by the Special Term it may still be appealed to and reviewed by the General Term, as other decisions of the Special Term may be. Under the system prescribed, the Special Term should not have refused to hear and dispose of the appeal. And for that reason the order should be reversed and the Special Term directed to hear the appeal.

Order affirmed, with ten dollars costs and disbursements of this appeal.